# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Hunter D. Williams <br>        <u>Debtor</u> | CHAPTER 13 |
| Lakeview Loan Servicing, LLC <br>        <u>Movant</u> <br> vs. | NO. 15-14288 ELF |
| Hunter D. Williams <br>        <u>Debtor</u> | |
| William C. Miller Esq. <br>        <u>Trustee</u> | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$2,712.68,** which breaks down as follows;

    Post-Petition Payments:        July 2016 through October 2016 at $678.17
    **Total Post-Petition Arrears**    **$2,712.68**

2. Debtor shall cure said arrearages in the following manner;

    a). Beginning November 2016 and continuing through April 2017, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$678.17** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$452.11** towards the arrearages on or before the last day of each month at the address below;

Cenlar FSB
425 Phillips Boulevard
Ewing, NJ 08618

    b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 11, 2016       By:   **/s/ Joshua I. Goldman, Esquire**
                                   Joshua I. Goldman, Esquire
                                   Thomas Puleo, Esquire
                                   Attorneys for Movant
                                   KML Law Group, P.C.
                                   Main Number: (215) 627-1322

Date: October 14, 2016             */s/ Richard N. Lipow, Esquire*
                                   Richard N. Lipow Esq.
                                   Attorney for Debtor

# O R D E R

Approved by the Court this 17th day of October, 2016. However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**